Darrell Palmer (SBN 125147)
Email: darrell.palmer@palmerlegalteam.com
Janine R. Menhennet (SBN 163501)
Law Offices of Darrell Palmer
603 North Highway 101, Ste A
Solana Beach, California 92075
Telephone: (858) 792-5600
Facsimile: (858) 792-5655

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDUARDO TOVAR, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MIDLAND CREDIT MANAGEMENT<br><br>Defendant. | Case No. 10-cv-2600-W-WMC<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT MIDLAND CREDIT MANAGEMENT'S MOTION TO DISMISS OR STAY ON PRIMARY JURISDICTION GROUNDS**<br><br>Date: February 28, 2011<br>Dept.: 7<br>Judge: Hon. Thomas J. Whelan |

Plaintiff EDUARDO TOVAR (hereinafter referred to as "Plaintiff"), individually and on behalf of all others similarly situated, hereby opposes Defendant MIDLAND CREDIT MANAGEMENT's Motion to Dismiss or Stay, on the following grounds:

This complaint is based primarily on the alleged violation of the Telephone Consumer Protection Act, 47 U.S.C. §227, *et seq.* ("TCPA"). This act prohibits auto-dialing to consumer's cell phones without prior express consent from the consumer. The complaint's allegations state that defendant Midland auto-dialed Plaintiff's cell phone in violation of that act, as he had never provided his cell

phone number to Midland.  Absent Mr. Tovar's express provision of his cell phone during the initial transaction giving rise to the relationship, there is no express consent, and Midland is not legally allowed to contact him on his cell phone through auto-dialers.

Midland bases its motion to dismiss or stay on the grounds that this issue is still winding its way through the FCC for further interpretation.  This argument does not hold water.  This precise issue was decided by the FCC on January 4, 2008, *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* 23 F.C.C.R. 559, 23 FCC Rcd. 559, 43 Communications Reg. (P&F) 877, 2008 WL 65485 (F.C.C.).  This ruling states that "prior consent is deemed to be granted only if the wireless number was provided by the consumer to the creditor, and that such number was provided during the transaction that resulted in the debt owed.  *Id.* at ¶10.  (A copy of the FCC ruling, printed off of Westlaw on February 14, 2011, is attached hereto as Exhibit A.) The creditors' arguments that this ties their hands, and was not intended to apply to them, but rather just to telemarketers, had been addressed and rejected:

> On October 4, 2005, ACA filed a petition seeking clarification that the prohibition against autodialed or prerecorded calls to wireless telephone numbers in [TCPA] does not apply to creditors and collectors when calling wireless telephone numbers to recover payments for goods and services received by consumers.  ADA maintains that the TCPA was enacted to curtail the onslaught of telemarketing calls, and that the use of autodialers to attempt to recover payments is not telemarketing. . . .  We also reiterate that the plain language of [TCPA] prohibits the use of autodialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.  We not that this prohibition applies **regardless of the content of the call, and is not limited only to calls that constitute telephone solicitations.** . . .  Creditors and debt collectors may use predictive dialers to call wireless phones, **provided the wireless phone number was provided by the subscriber in connection with the existing debt.**  (All emphasis added.)

This issue has therefore been interpreted and decided.  Understandably, creditors have greater trouble reaching debtors when they are precluded from auto-dialing them, yet this is precisely the issue the FCC already decided.  Cell phones are not fair game for creditors, or anyone else.  That is why Mr. Tovar has

2

filed suit. Consumers presently live with enough electronic abuse and spam, and the robo-calls prevented by the TCPA fit neatly within this legislative rubric.

While Midland paints a picture in its motion that the TCPA was created to rule out only "telemarketing" calls, this is only half the picture. The FCC has ruled squarely on the issue of debt collection and auto-dialed cell phone calls, and has ruled squarely that they are prohibited, unless the debtor provided his cell phone number in the documents creating the transaction. For Midland to argue to the Court in this proceeding that the issue is under consideration seems to miss the mark. And the decision.

Other cases have gone to settlement on this precise issue, with the litigants, and the court, acknowledging that the issue is ripe for adjudication in the courts, as the FCC has issued its decision on the issue. *See, e.g., Arthur v. Sallie Mae, Inc.*, 10-cv-00198-JLR (W.D.Wa. 2010). That case is being tied up currently not on the issue of whether there is primary jurisdiction in the FCC, but whether the class was properly identified.

In short, Midland's primary jurisdiction argument for staying or dismissal is a red herring. While creditors continue to press the FCC to revisit its ruling, the ruling is current as it stands. One can only imagine the standstill Midland seeks to impose on the court system if every regulation they urge for reconsideration were considered moot and of no effect. If this were the case, every regulation passed down could be "appealed" of sorts, and no regulations would ever take effect. Midland admits, on page 1 of its Points and Authorities, that the FCC is "considering" revision, not that it IS revising. Further, the possibility exists that the FCC could make the TCPA *more restrictive* toward debt collectors than it currently stands. There is no way to predict which direction the FCC may or may not revise the current law. As of today, the FCC ruling attached hereto is the law. For policy reasons, the current litigation cannot be abated or stayed while the FCC may or may not take further action on this issue.

Midland would prefer to continue its practice of auto-dialing cell phones of debtors, despite federal prohibition of this.  No primary jurisdiction remains to be determined.  We have a decision on this issue.  This class action should be cleared to move forward with discovery.

                                            LAW OFFICES OF DARRELL PALMER

Dated:  February 14, 2011                      By: ___/s/ Darrell Palmer_____
                                                     Darrell Palmer
                                                       Attorney for Plaintiffs

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS
10-CV-2600-W-WMC

### CERTIFICATE OF SERVICE

I hereby certify that on February 14, 2011, I electronically filed the foregoing with the Clerk of the Court of the United States District Court for the Southern District of California by using the USDC CM/ECF system.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the USDC CM/ECF system, to wit:

Amy Gallegos
Hogan Lovells US LLP
amy.gallegos@hoganlovells.com


      ___/s/ Darrell Palmer_____
      Darrell Palmer
      Attorney for Plaintiff